989 F.2d 1201
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Forest W. HORTON, Jr., Appellant,
v.
UNISYS CORPORATION, Appellee.
 No. 92-1404.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1993.
 
 Before MICHEL and RADER, Circuit Judges, and COHN, District Judge.*
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Forest Horton, Jr. and Cornelius Burk, Jr., doing business as Information Management Press (collectively Horton), filed application Serial No. 73/689,340 for registration of the stylized InfoMapper mark. Unisys Corporation opposed the registration of the mark by filing Opposition No. 79,767. The Trademark Trial and Appeal Board sustained the opposition. Because the Board correctly discerned a likelihood of confusion between Horton's InfoMapper mark and Unisys' MAPPER mark, this court affirms.
 
 OPINION
 
 2
 Though accepting the Board's factual findings unless clearly erroneous, Stock Pot Restaurant, Inc. v. Stockpot, Inc., 737 F.2d 1576, 1578, 222 USPQ 665, 666-67 (Fed.Cir.1984), this court reviews the Board's ultimate conclusions about confusing similarity as questions of law. Specialty Brands, Inc. v. Coffee Bean Distribs., 748 F.2d 669, 671, 223 USPQ 1281, 1282 (Fed.Cir.1984); Kenner Parker Toys Inc. v. Rose Art Indus., 963 F.2d 350, 352, 22 USPQ2d 1453, 1455 (Fed.Cir.), cert. denied, 113 S.Ct. 181 (1992).
 
 
 3
 A trademark owner may oppose the registration of any competing mark "likely, when used on or in connection with the goods of the applicant to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d) (1988). The test for likelihood of confusion does not focus on similarity of the competing marks in the abstract. Rather the test evaluates objective evidence that the competing marks, when used in the marketplace, are likely to confuse the purchasing public about the source of the products. Kenner Parker Toys, 963 F.2d at 352. The test for likelihood of confusion requires the Board and this court to consider evidence of a wide variety of factors. In re E.I. Du Pont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973).
 
 
 4
 The Board found similarity as to appearance, sound, and commercial impression between Horton's stylized InfoMapper mark and Unisys' MAPPER mark. The Board determined that the mere use of the prefix "Info" does not sufficiently distinguish the two marks. These marks bear a striking resemblance. This court discerns no error in the Board's findings or reliance on these findings to reach its legal result.
 
 
 5
 Although sophisticated buyers, computer consumers may still be subject to confusion about the source of a product. A consumer's expertise in the computer field does not necessarily dictate a corresponding caution and expertise in distinguishing trademarks. 2 J. Thomas McCarthy, Trademarks & Unfair Competition, § 23:29(D) (3d ed. 1984). Again, this court discerns no error in the Board's weighing of this Du Pont factor.
 
 
 6
 The Board also determined that Unisys' mark has acquired fame. The fifth Du Pont factor plays a dominant role in cases featuring a famous or strong mark. Kenner Parker Toys, 963 F.2d at 352. Such marks enjoy a wide latitude of legal protection. Id. The record supports the Board's findings about the strength of Unisys' mark. For instance, Unisys has sold $2-3 billion of goods annually under its MAPPER mark, has used the mark since at least the mid-1970's, and has employed a 6,000-person sales force selling MAPPER goods.
 
 
 7
 The goods described in Horton's application (computer software packages) substantially overlap with those described in Unisys' registration (computer software systems, programs recorded on magnetic tapes and disks, and information storage and retrieval services). Moreover, Unisys has developed an IBM PC and IBM-compatible PC version of its MAPPER software. Therefore, Unisys' MAPPER goods include personal computer products as well as mainframe products. In addition, Horton's advertising brochures disclose future plans for an InfoMapper configuration for mainframes. Indeed Horton does not limit its application to a software configuration for PCs. As the Board correctly noted, this court focuses on the specific descriptions in the respective registrations and applications. See Canadian Imperial Bank of Commerce v. Wells Fargo Bank, 811 F.2d 1490, 1492-93, 1 USPQ2d 1813, 1815 (Fed.Cir.1987). Again, the Board properly determined that the similarity of the goods and services supports a conclusion of likely confusion.
 
 
 8
 The Board specifically found a likelihood of confusion, "not because [Horton's] product may be mistakenly purchased for [Unisys'], but because a purchaser or user may believe, in view of the similarity of the marks, that [Horton's] product is sponsored or licensed by [Unisys]." This court finds no error in the Board's conclusion.
 
 
 9
 For the reasons set forth above in conjunction with those of the Board, this court affirms. This court declines Unisys' request for attorney fees.
 
 COSTS
 
 10
 Each party shall bear its own costs for this appeal.
 
 
 
 *
 Honorable Avern Cohn, District Judge, Eastern District of Michigan, sitting by designation